IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN ANAYA,

        Petitioner,

v.                                              CIV 97-879 MV/KBM

JOE WILLIAMS, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter was stayed to permit Petitioner to pursue a direct appeal in the state courts, and its referral transferred to me on December 22, 2000. The matter is now before the Court on supplemental briefs following the conclusion of that appeal. I recommend that the petition be found timely and that a briefing schedule issue. Specifically, I find that the record before me casts serious doubt whether Anaya's conviction became final before the fall of 1999, and furthermore presents unique and compelling circumstances that support a finding that the limitations period should be equitably tolled.

### I.  Limitations Period

Because Anaya filed his federal petition after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to this case. *E.g., Gibson v. Klinger,* 232 F.3d 799, 803 (10th Cir. 2000). AEDPA identifies different triggering events for the limitations period and here the applicable provision is "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For convictions that became final before April 24, 1996, habeas petitioners have a one-year grace period, or April 23, 1997, within which to file their federal petition.  The limitations period is tolled while state postconviction proceedings are pending.  *Gibson*, 232 at 803.  In certain circumstances equitable tolling of the statute may be appropriate.  *Id.* at 808; *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998).

     Respondent argues that Anaya's conviction became final in March 1996 because he did not file an appeal within thirty days after his sentence was imposed.  The statute was tolled for thirty-six days while Anaya pursued post-conviction relief (from April 14, 1997 to May 20, 1997).  Thus, Anaya's federal petition was due on May 29, 1997.  He did not file his habeas petition, however, until July 1, 1997.  For the reasons set forth below, I find merit in the equitable tolling arguments raised by the Federal Public Defender, which represents petitioner.

## II.  Anaya's Efforts To Pursue Direct Appeal

     Two attorneys represented Anaya at the trial court level.  Mr. Robert Linnehan represented Petitioner at trial and at sentencing.  Because Mr. Linneham was leaving the country, Mr. Donald Howard agreed to take over his cases.  Mr. Howard appeared with Mr. Linnehan at Anaya's sentencing.  *See Doc. 1, Appendix* 1.

     It is clear that Anaya desired to appeal his conviction from the outset.  Before sentencing on February 14, 1996, he corresponded with Mr. Howard.  Mr. Howard responded by letter about a week before sentencing saying that he had "no authority to take an appeal" and that any "decisions regarding an appeal on your case would have to be made by the appellate division of the Public Defender."  *Id., Exh M*.  Anaya also indicates that he "expressed his desire to appeal at

2

sentencing." *Id., Exh. L.*

On April 2, 1996, Anaya asked the New Mexico Appellate Public Defender to identify which attorney had been assigned his case. *Record Proper at 252.* Receiving no answer, on April 17, 1996, he filed a complaint against Mr. Linnehan with the state Disciplinary Board for failure to pursue an appeal. *Id. at 248.* In a letter dated July 5, 1996 to the Disciplinary Board and copied to Anaya, Mr. Howard explained that he nevertheless decided not to do so. He chose not to, not because an appeal would have been "frivolous," but because

> a victory on appeal would have done Anaya no practical good, as Judge Fitch's sentence was perfectly legal in any event. I simply could not justify in my own mind wasting the Public Defender's resources on such an endeavor. Mr. Anaya believes he is entitled to an appeal because he demands one. However taking that reasoning to it's logical conclusion, every single Public Defender case which ended in a conviction would be followed by an appeal.

Especially noteworthy, Mr. Howard took no action even though the Appellate Public Defender had advised Mr. Howard that he "had an obligation to file an appeal" and provided him with example of the necessary pleadings to do so." *Doc. 1, Appendix 1.*

On July 10, 1996, Anaya executed a *pro se* "notice of untimely appeal" explaining that his attorneys would not file an appeal as he requested, and that the Appellate Public Defender had not responded to his inquiries. Anaya stated that he assumed "no notice of appeal has been filed in his behalf and request[ed] the court to accept his untimely notice of appeal." This notice of appeal was filed July 12, 1996. *Record Proper at 247.*

By January 1997, the trial court denied Anaya's *pro se* motion for transcripts and declined to order an attorney to file a docketing statement because the judge was not sure who was responsible for its filing. However, the trial judge granted Anaya's motion for appointment of

3

counsel noting that court records "indicate **this matter is currently on appeal**. If the Appellate Public Defender has not been previously appointed, then this Order shall be deemed such an appointment." *Doc. 1, Appendix 3* (emphasis added)*; Record Proper at 271.* In response to a subsequent *pro se* motion, in March 1997 the trial court also ordered Mr. Linneham to "submit a Docketing Statement to CR 95-65 so that Defendant can perfect his appeal in the New Mexico Court of Appeals." *Doc. 1, Appendix 2; Record Proper at 274.*

Petitioner pursued post-conviction relief *pro se* from April 1997 to May 1997, when the New Mexico Supreme Court denied certiorari. *Answer, Exh. F.* Anaya signed his federal habeas petition on June 9, 1997, and it was filed on July 1, 1997. Nothing in the record indicates that the Appellate Public Defender entered an appearance on direct appeal, or that Mr. Linneham filed a docketing statement, or that the appeal was dismissed by the state court.

Following Respondent's Answer and Motion to Dismiss the present action arguing that the petition is time-barred, *Doc. 10,* Magistrate Judge Galvan appointed the Federal Public Defender to represent Petitioner, *Doc. 12.* Following several unopposed extensions of time, the parties agreed to allow Petitioner to pursue a direct appeal in state court. Petitioner's unopposed motion was granted, and thereafter this suit was placed in abeyance pending the outcome of the direct appeal. *See Docs. 21-22.*

Counsel was appointed to represent Anaya on the direct appeal. She only raised one issue on the appeal -- Anaya's competency. The New Mexico Court of Appeals affirmed the convictions on June 21, 1999 and the New Mexico Supreme Court denied certiorari on July 14, 1999. *See Doc. 27.*

### III. Analysis and Conclusion

Although New Mexico statutes and rules do not appear to set forth a procedure for taking a delayed appeal, case law indicates the New Mexico appellate courts will consider the merits of an appeal that is filed out of time when the cause for the delay is counsel's failure to file the appeal.[1]  Thus, even if his conviction became final in March 1996, the limitations period would have been tolled beginning in July 1996 when the notice of an untimely appeal was filed. *See Gibson,* 232 F.3d at 807 (limitations period tolled from time motion for leave out of time properly filed under Oklahoma procedures through disposition of appeal).  Anaya's belated appeal had not been dismissed before he filed his federal habeas petition.  Technically then, the federal petition was premature until late 1999.  As such, the limitations period did not expire prior to filing this action.

Alternatively, although equitable tolling is reserved for "rare" and "extraordinary" circumstances, the unique facts of this case warrant applying it.  The record demonstrates that Petitioner intended to appeal his conviction and doggedly pursued any avenue available to him to accomplish that goal.  Anaya wrote to his attorneys, wrote the Appellate Public Defender, filed a complaint with the Disciplinary board, pursued a belated direct appeal *pro se,* secured court orders for appointing him counsel on direct appeal and for counsel to perfect the appeal, pursued postconviction relief *pro se* while the appeal was stalled, and promptly filed with this Court.

---

[1] *See Trujillo v. Serrano,* 117 N.M. 273, 277, 871 P.2d 369, 373 (N.M. 1994) (noting that "defendant's right to an appeal must not be denied because of ineffective assistance of counsel, and in that circumstance we will hear an untimely appeal."); *State v. Duran,* 105 N.M. 231, 233, 731 P.2d 374, 376 (Ct. App. 1986) ("we hold that failure to file a timely notice of appeal . . . constitutes ineffective assistance of counsel per se, and the presumption thereof is conclusive.  We therefore consider this appeal timely, despite the late filing in violation of the rules of criminal procedure and the rules of appellate procedure governing such cases.").

Furthermore, the parties permitted Anaya his direct appeal and stayed this matter while he did so.

Not only was Anaya diligent, the cause of any to failure within the limitations period was "caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *petition for cert. filed 12/22/00; see also Valverde v. Stinson,* 224 F.3d 129 (2nd Cir. 2000) (indicating that evidence showing correctional officer wrongfully confiscated federal petition that prisoner was having typed for filing upon learning of AEDPA in April 1997, would support tolling to earliest period in which inmate, acting diligently, could have filed following confiscation). Accordingly, I recommend that equitable tolling be found in these circumstances.

I note that Respondent's Answer and Motion to Dismiss also argues that the claims be denied on the merits and that the Federal Public Defender has requested the Court to set a schedule for briefing on the merits.

Wherefore,

IT IS HEREBY RECOMMENDED THAT Respondent's Answer and Motion To Dismiss *(Doc. 10-1)* be denied on the limitations issue, and be reserved on the merits pending further briefing.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE