IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN ANAYA,

    Petitioner,

v.                                                      CIV 97-879 MV/KBM

JOE WILLIAMS, et al., Warden,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    Petitioner Julian Anaya is represented by the Federal Public Defender in this action petitioning the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Following a stay, resolution of the limitations issue in Petitioner's favor, and an evidentiary hearing, this matter is now before the Court on the parties' supplemental briefs. Petitioner elected not to file a reply brief. Two independent issues are dispositive of this matter: violation of the right to an impartial jury and ineffective assistance of counsel.

    ***Impartial Jury.*** Petitioner claims that he was deprived of the right to an impartial jury when a convicted felon served on the jury. He raised this claim in state post-conviction proceedings and the trial court rejected the claim without an evidentiary hearing, finding no factual basis for the claim was tendered. *See Doc. 1* at 6; *Doc. 10,* Exh. C at 6; *id.,* Exh. D at 2.

    In New Mexico, convicted felons are ineligible to serve as jurors. The juror in question swore in two answers to the jury questionnaire that he had never been a defendant in a criminal case nor had he been represented by an attorney. He also took the New Mexico juror oath, in which he swore that he was "not a convicted felon." In fact, prior to the jury service, he had been

convicted of attempted trafficking in cocaine[1] in a criminal proceeding where he was represented by counsel. The juror's explanation for why he answered the questions in the negative was that he "guessed" he did not understand the questions. He also stated that he thought "convicted of a felony" meant "you had to go to prison . . . or something." *See e.g., Doc. 67* at 6-7 (and attachments thereto); *Doc. 65* (and exhibits thereto). Respondents essentially concede, and I so find, that under applicable Supreme Court and Tenth Circuit caselaw, the juror failed to answer a material *voir dire* question honestly. *See Doc. 70.*

Furthermore, I find that had the juror responded truthfully, not only would he have been disqualified from serving as a matter of state law, but his revelation also would have provided the defense with a challenge for cause. Therefore, even though there is no evidence in the record that the juror's status as a felon effected his ability to serve impartially, his failure to disclose his criminal court experience and conviction was inherently prejudicial and entitles Petitioner to a new trial. *See Burton v. Johnson,* 948 F.3d 1150 (10th Cir. 1991); *Green v. White,* 232 F.3d 671 (9th Cir. 2000).

***Ineffective Assistance Of Counsel.*** In addition, Petitioner was accused of being either a principal or accessory to stealing a car and selling golf clubs located in the trunk of the car. Prior to trial, counsel knew Petitioner maintained that he was hitchhiking when Larry Parker picked him up, and that he was unaware that the car or the golf clubs were stolen.

Petitioner urged his counsel to talk to Parker. Indeed, at the preliminary hearing, the officer who arrested Parker testified that Parker said Petitioner had "nothing to do" with the theft

---

[1] In Petitioner's *pro se* proceedings before the state court, he argued that this juror had been convicted for driving while intoxicated. *See Doc. 10,* Exh. C at 6; *id.,* Exh. D at 2. Nevertheless, the substance of the claim and Petitioner's request for an evidentiary hearing were before the state court.

of the vehicle.  Here, Petitioner has demonstrated with precision that Parker would have given that same testimony at trial by way of the interview and subsequent affidavit Parker gave to an investigator for the Federal Public Defender prior to his death in 2002. Trial counsel was understandably overwhelmed with cases from the public defender's office and focused on trying to achieve a comprehensive plea bargain that encompassed other charges with which Petitioner was charged, as well as trying to secure proper medical care for his client.  Nevertheless, he did not make any effort to locate or talk to Parker.

Nor did Petitioner's attorney interview the only witness who identified Petitioner or investigate the circumstances under which she had made her identification.  Counsel admittedly was unprepared for the trial when it commenced and apparently called no witnesses for the defense.  *See Transcript of Evidentiary Hearing March 28, 2002* at 12-20, 34-42; *Doc. 67* at 4, 17 & Attachment J.

Based on trial counsel's testimony at the evidentiary hearing, and for the reasons stated in Petitioner's brief (which I incorporate herein by reference), I find that counsel's failure to investigate Petitioner's defense or prepare for trial was objectively unreasonable.  I further find that but for the deficient conduct, there is a reasonable probability that the outcome of the proceedings would have been different.  Had counsel called Parker or been prepared for the identification witness, the jurors would have been presented with a questionable identification as well as exonerating evidence from an admitted perpetrator.   Accordingly, Petitioner is also entitled to a new trial under *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court enter a "conditional writ of habeas

corpus" that is, an order directing the State of New Mexico, within one hundred and twenty (120) days of the entry of the order, to either retry Mr. Anaya or, in the alternative, to vacate his conviction in state criminal action number CR-95-65 (Fitch), Seventh Judicial District Court, County of Socorro.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE